Dear Ms. Holtz and Mr. Thompson:
You have requested our opinion concerning the scope of the State's preemption of local regulation of firearms. Specifically, you ask whether Prince George's and Montgomery Counties would have authority to enact a law that would: (1) prohibit gun dealers from selling, leasing, or otherwise transferring a handgun without also selling or otherwise providing with each handgun a trigger lock or similar device that is designed to prevent the unintentional discharge of the handgun; and (2) require gun dealers to post a conspicuous notice describing the trigger lock sale requirement and the requirement in State law that gun owners keep their guns out of the reach of children. The objective of the law would be to protect children from gun accidents through the dissemination of a device that prevents accidental discharge of firearms and the display of information that will increase awareness of the need to store firearms safely.
In our opinion, this local regulation is authorized under State law. A measure to encourage more widespread use of trigger locks or similar safety devices is related to minors' access to firearms, an area of permissible local regulation. Furthermore, given the low cost of trigger locks, the measure would avoid any detrimental impact on substantial numbers of adults.
 I Preemption Analysis
Article 27, § 36H of the Maryland Code generally "preempts the rights of any county, municipal corporation, or special taxing district whether by law, ordinance, or regulation to regulate the purchase, sale, taxation, transfer, manufacture, repair, ownership, possession, and transportation of" handguns, rifles, shotguns, and ammunition. One exception to this sweeping preemption provision, however, is that local governments "may regulate the purchase, sale, transfer, ownership, possession, and transportation of [these] weapons and ammunition . . . [w]ith respect to minors." § 36H(b)(1).
Both the general preemption provision and the "minors" exception were analyzed in detail in 76 Opinions of the AttorneyGeneral ___ (1991) [Opinion No. 91-055 (December 17, 1991)]. In that opinion, we pointed out that, applying the ordinary meaning of the text, "any regulation that bears a reasonable relation to minors' access to, or use of, firearms is a firearms regulation `with respect to minors.'" Opinion No. 91-055, at 3. The opinion also carefully traced the legislative history of § 36H and determined that it supported "the view that local legislation . . . dealing with minors' access to firearms . . . is squarely within the exception carved out in § 36H(b)(1)."
The local legislation discussed in Opinion No. 91-055 included a provision that would have required firearms dealers to offer to sell a trigger lock to any buyer. We found no objection to this provision merely because it regulated the behavior of adults, not children: "[S]ince children gain access to firearms because adults are careless, no other manner of regulation would serve the goal of protecting children." Opinion No. 91-055, at 4.
To be sure, in that opinion we reserved judgment on the legality of a then-hypothetical local ordinance that would require sale of (rather than the offer to sell) a trigger lock with a firearm. Opinion No. 91-055, at 4 n. 2. Yet, we see no basis for a different conclusion. Mandating the sale of trigger locks would surely increase their use. Moreover, even adults who have no children themselves cannot be absolutely sure that a child (a visitor, for example) will not gain access to their handguns. Therefore, mandatory sale of trigger locks bears "a reasonable relation to minors' access to, or use of, firearms . . . ." Opinion No. 91-055, at 3.
We must caution, however, that authorization for local regulation "with respect to minors" cannot be a pretext for regulation of adults' access to handguns. To take an extreme example, a locality could not prohibit all possession of handguns, on the theory that only such a measure would suffice to ensure that minors would not obtain access. The Legislature could not have intended to authorize localities to achieve indirectly what they may not achieve directly: across-the-board regulation of firearms. A trigger lock purchase requirement, however, would not have the practical effect of substantially interfering with the privilege otherwise afforded to adults to own handguns. A trigger lock, we understand, costs about $10. This small additional cost, even if passed on in full by the seller, appears unlikely to affect the purchasing decisions of adults who are able to afford the much larger cost of the handguns themselves.
 II Conclusion
In summary, our opinion is that the proposed Prince George's and Montgomery Counties ordinances on the sale of trigger locks and the posting of information are authorized by State law.
Very truly yours,
 J. Joseph Curran, Jr. Attorney General
 Jack Schwartz Chief Counsel Opinions and Advice
 *Page 87